UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSSELL A. LEWIS,

        Plaintiff,

v.

ROOSEN VARCHETTI & OLIVIER, a
Michigan Professional Corporation, and CACV
OF COLORADO, LLC.

        Defendants.

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

## JURISDICTION

1.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k (d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal privacy by these Defendants in their illegal efforts to collect a consumer debt.

3.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.   Plaintiff Russell A. Lewis (hereinafter "Plaintiff") is a natural person who resides in the Township of Emmett, County of St. Clair, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant Roosen, Varchetti & Olivier, PLLC (hereinafter "RVO") is a law firm/collection agency operating from an address 39541 Garfield, Clinton Township, Michigan 48038, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.    Defendant CACV of Colorado, LLC (hereinafter "CACV") is a corporation doing business in the State of Michigan and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

## FACTUAL ALLEGATIONS

7.    Sometime prior to 2005, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an MBNA credit card in the approximate amount of $9,310.92, which was allegedly used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

8.    Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to G. Reynolds Sims & Associates, P.C. for collection from Plaintiff.

9.    That G. Reynolds Sims & Associates, P.C. allegedly commenced arbitration proceedings and were allegedly awarded $9,310.92 from the arbitrator.

10.   That on or about April 10, 2006 Defendant CACV through its then counsel G. Reynolds Sims & Associates did file a Verified Complaint to Confirm and Enforce Arbitration Award against Mr. Lewis in the St. Clair County Circuit Court as Case No. 06-000941-CK. Such is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). ( **Exhibit 1**).

11.   That the above referenced case was dismissed by the St. Clair County Circuit Court on December 29, 2006 for CACV's failure to timely serve Mr. Lewis. (**Exhibit 2**).

12.   Apparently unaware that the Complaint had been dismissed CACV did file a motion to confirm and enforce the arbitration award.

13.   That on April 9, 2011 in error the St. Clair County Circuit Court did enter an Order confirming the arbitration award and granting judgment to CACV. (**Exhibit 3**).

14.   That apparently the Court realized the error in granting the April 9, 2011 Judgment in favor of CACV and on April 11, 2007 Circuit Court Judge Peter E. Deegan did enter an Order to Rescind the April 9, 2007 Judgment confirming the arbitration award and judgment in favor of CACV. (**Exhibit 4**).

15.   That the Order to Rescind entered on April 11, 2007 rescinded the previous judgment and order based upon the fact that the complaint had been dismissed by the court back on December 29, 2006 for failure to properly and timely serve Mr. Lewis.

16.   That despite the Order dismissing CACV's complaint and the subsequent Order of April 11, 2007 rescinding the judgment in favor of CACV, Defendant CACV continued to collect upon the debt and attempted to enforce a judgment that did not exist.

17.   That on December 4, 2008 Defendant CACV did cause to be filed with the 31st District Court and the Michigan Department of Treasury a Request and Writ for Garnishment of Mr. Lewis based solely upon the rescinded judgment issued on April 9, 2011. (**Exhibit 5**).

18.   That on October 11, 2012, Defendant CACV and Defendant RVO did cause to be filed and entered with the 31st District Court and the Michigan Department of Treasury a Request and Writ for Garnishment of Mr. Lewis based solely upon the rescinded judgment issued on April 9, 2011. (**Exhibit 6**).

19. That on November 8, 2012 Defendant CACV and Defendant RVO did cause to be filed and entered with the 31st District Court a Request and Order to Seize Property of Mr. Lewis based solely upon the rescinded judgment issued on April 9, 2011. (**Exhibit 7**).

20. That on or about December of 2012, a sheriff did appear at the home of Plaintiff and presented an Order to Seize his vehicle. That the sheriff advised an Order to seize the vehicle had been issued by the Court and he was there to seize Plaintiff's vehicle.

21. That the sheriff advised Plaintiff that if he paid $7,000.00 now he could keep the vehicle and it would not be seized.

22. That as Plaintiff was in desperate need to keep his vehicle for work, he did go to the bank and provided $7,000.00 to the sheriff in order to keep his vehicle.

23. That on April 24, 2012, Defendant CACV and Defendant RVO did cause to be filed and entered with the 31st District Court and the Michigan Department of Treasury a Request and Writ for Garnishment of Mr. Lewis based solely upon the rescinded judgment issued on April 9, 2011.

24. That pursuant to the Writ of Garnishment Defendants did seize $136.00 from Plaintiff's 2012 Michigan tax refund.

25. That on June 4, 2012 Defendant CACV and Defendant RVO did cause to be filed and entered with the 31st District Court Writ for Garnishment of Mr. Lewis based solely upon the rescinded judgment issued on April 9, 2011.

26. That on or about June 14, 2012 pursuant to the Writ of Garnishment, Defendants did seize Plaintiff's bank account funds and withheld $2,060.00 from Plaintiff's account. (**Exhibit 8**).

27. That each and every garnishment and seizure of property made by Defendants against Plaintiff was wrongful and illegal as they were all based upon the rescinded April 9, 2011 judgment.

28. That Defendants have and continue to file false documents with the State of Michigan and the Court indicating they have a valid judgment against Plaintiff when they do not have such.

29. The conduct of Defendants in harassing Plaintiff in an effort to collect this debt, by repeatedly filing garnishments and order to seize property and attempting to seize Plaintiff's property, despite being advised that he did not owe this debt and no valid judgment existed against Plaintiff, was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692f(1), 1692(f)(6), 1692d, 1692d, 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7),1692e(8), 1692e(9),1692e(10) 1692e(13) amongst others, as well as an invasion of his privacy by an intrusion upon his seclusion.

30. Plaintiff has suffered actual damages as a result of Defendants' illegal collection methods described above in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, embarrassment, nausea, loss of sleep, headaches, and amongst other negative emotions; suffering caused in whole by Defendants' unwarranted, illegal and abusive garnishments and seizures of his property, invasion of his privacy, and other conduct in violation of Michigan and Federal law.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

31.    Plaintiff hereby incorporates Paragraphs 1 through 30 as though fully set forth herein.

32.    The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692f(1), 1692(f)(6), 1692d, 1692d, 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7),1692e(8), 1692e(9),1692e(10) 1692e(13)  of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

33.    As a result of each and every Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

### COUNT II.
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

34.    Plaintiff hereby incorporates Paragraphs 1 through 33 as though fully set forth herein.

35.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

36. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

37. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly garnishing and seizing Plaintiff's property when they had no valid judgment against Plaintiff and attempting to collect a debt from Plaintiff which he did not owe, and thereby invaded Plaintiff's right to privacy and to be let alone.

38. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, specifically by representing to Plaintiff and the court that Defendant had a valid judgment against Plaintiff and by garnishing Plaintiff's tax refunds and seizing his personal property; thereby invading and intruding upon Plaintiff's right to privacy.

39. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

40. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy against Plaintiff by these Defendants which occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

41. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

WHEREFORE,  Plaintiff respectfully requests an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and for such other and further relief as may be just and proper.

## COUNT III
## CONVERSION

42. Plaintiff hereby incorporates Paragraphs 1 through 41 as though fully set forth herein

43. Defendants and or their agents, by garnishing / seizing Plaintiff's funds and or property via an invalid judgment, wrongfully exerted dominion over Plaintiff's funds / property. (See *Foremost Ins. Co. v. Allstate Ins. Co.,* 439 Mich. 378, 391, 486 N.W.2d 600 (1992).

44. As a direct and proximate result of the above mentioned conversion, Plaintiff suffered damages.

WHEREFORE Plaintiff respectfully requests that this Court award Plaintiff his damages and attorney fees and costs wrongfully incurred.

## COUNT IV
## STATUTORY CONVERSION

45. Plaintiff hereby incorporates Paragraphs 1 through 44 as though fully set forth herein

46. MCL 600.2919a provides a statutory remedy for conversion claims and states in relevant part as follows:

> Sec. 2919a. (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:
> (a) Another person's stealing or embezzling property or converting property to the other person's own use.
> (b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen,

embezzled, or converted property knew that the property was stolen, embezzled, or converted.

(2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise.

47. Defendants and or Defendant's agents, either knew or should have known that the alleged judgment upon which they were acting was invalid (the register of actions and the Order dismissing the judgment clearly gave Defendants the requisite notice / knowledge of the impropriety of their actions), nonetheless Defendants and or Defendant's agents knowingly and wrongfully diverted Plaintiff's funds via garnishment and via seizure of his property based on the invalid judgment thereby violated MCL 600.2919a. (see *Echelon Homes, L.L.C. v. Carter Lumber Co.* (2005) 694 N.W.2d 544, 472 Mich. 192)

WHEREFORE Plaintiff respectfully requests that this Court award Plaintiff damages including treble damages, attorney fees, and costs pursuant to MCL 600.2919a(1) in addition to any other award pursuant to the cumulative nature of MCL 600.2919a(2) (see also *Dep't of Agric. v. Appletree Mktg., L.L.C.,* 485 Mich. 1, 9-10, 779 N.W.2d 237, 242 (2010)).

## COUNT V
## COMMONLAW CONVERSION

48. Plaintiff hereby incorporates Paragraphs 1 through 47 as though fully set forth herein.

49. Defendants and or their agents, by garnishing / seizing Plaintiff's funds and or property via an invalid judgment, wrongfully exerted dominion over Plaintiff's funds / property. (See *Foremost Ins. Co. v. Allstate Ins. Co.,* 439 Mich. 378, 391, 486 N.W.2d 600 (1992).

50. As a direct and proximate result of the above mentioned conversion, Plaintiff suffered damages.

WHEREFORE Plaintiff respectfully requests that this Court award Plaintiff his damages and attorney fees and costs wrongfully incurred.

## COUNT VI
## FRAUD IN THE INDUCEMENT

51. Plaintiff incorporates by reference Paragraphs 1 through 50 as if fully set forth herein.

52. That Defendant, by and through its representatives, agents, employees, nominees and correspondences made material representations to Plaintiff, to the Court and to the Michigan Department of Treasury that they had a valid judgment against Plaintiff dated April 9, 2011 and as such had the power and authority to garnish Plaintiff, repossess his personal property and seize his bank account.

53. That the material representations were false when they were made as Defendants did not have a valid judgment against Plaintiff.

54. That when Defendants, by and through its representatives, agents, nominees, employees and correspondences made said representations they knew were false or made them recklessly without any knowledge of their truth as positive assertions.

55. That Defendants, by and through its representatives, agents, nominee, employees and correspondences made said material misrepresentations with the intention that the Plaintiff should act on them.

56. That Plaintiff did in fact act in reliance on said material misrepresentations by paying the Defendants and their agent $7,000.00 in order to prevent the repossession of his vehicle.

57. That Plaintiffs did suffer damages by acting in reliance on the material misrepresentations, including but not limited to the loss of $7,000.00, the loss of monies garnished from his bank account, monies garnished from his tax returns and other

damages as set forth in this complaint.

WHEREFORE Plaintiff respectfully requests that this Court award Plaintiff his damages and attorney fees and costs wrongfully incurred.

## COUNT VII
## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

58. Plaintiff incorporates by reference Paragraphs 1 through 57 as if fully set forth herein.

59. Defendants have engaged in violations of the Michigan Occupational Code including but not limited to the following:

    a. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collection a debt in violation of MCL 339.915(e).

    b. Misrepresenting in a communication with a debtor one or more of the following: (MCL 339.915(f), *et seq.*

        i. The legal Status of a legal action being taken or threatened.

        ii. The legal rights of the creditor or debtor.

        iii. That the non-payment of a debt will result in the debtor's arrest, imprisonment, or the seizure, garnishment, attachment or sale of Debtor's property.

    c. Failing to implement a procedure designed to prevent a violation by an employee, in direct violation of MCL 339.915(q).

60. That Plaintiff has suffered damages as a result of Defendants' violation of the Occupational Code.

61. That Defendants acts were willful.

WHEREFORE Plaintiff respectfully requests that this Court award Plaintiff his damages and attorney fees and costs wrongfully incurred.

## DEMAND FOR JURY TRIAL

62. Plaintiff hereby demands a trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Plaintiffs request that this Court enter judgment against Defendants as follows:

      a.  Award  Actual damages;

      b.  Award Statutory damages;

      c.  Award Exemplary damages;

      d.  Award Punitive Damages;

      e.  Award costs and attorney fees.

      f.  Assume jurisdiction over all claims.

Respectfully submitted,

**GROVE AND ASSOCIATES, PLC**

/S/ *Justin G. Grove*
Justin G. Grove (P71253)
Attorney for the Plaintiff
28000 Woodward Ave., Ste 201
Royal Oak, MI 48067

I declare that the foregoing statements are true to the best of my information, knowledge and belief.


/s/ *Russell A. Lewis*
Russell A. Lewis, Plaintiff

EXHIBIT
1

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE 31ST JUDICIAL CIRCUIT

CACV, OF COLORADO, L.L.C.
A Foreign Limited Liability
Company,

          Plaintiff,

-vs-

Russell A Lewis,

          Defendant.

D-06-441CK

Case No. 06        CK
PETER F. DEEGAN
THERE IS NO OTHER PENDING OR
UNRESOLVED CIVIL ACTION ARISING
OUT OF THE SAME TRANSACTION OR
OCCURRENCE AS ALLEGED IN THE
COMPLAINT

G. REYNOLDS SIMS (P23255)
G. Reynolds Sims & Associates, P.C.
Attorney for Plaintiff
2075 West Big Beaver, Suite LL-15
Troy, Michigan 48084
(248) 643-4440

_____ /

## VERIFIED COMPLAINT TO CONFIRM AND ENFORCE ARBITRATION AWARD

    NOW COMES the Plaintiff, CACV of Colorado, LLC, ("CACV"), Assignee of Maryland National Bank ("MBNA") by and through their attorney G. Reynolds Sims & Associates, P.C. and for their Complaint against the above-named Defendant, state to this Honorable Court as follows:

## ALLEGATIONS COMMON TO JURISDICTION AND VENUE

    1. Plaintiff CACV has purchased this account and is owner via assignment of Defendant's credit card account balance established under MBNA.

    2. Plaintiff CACV is a foreign limited liability company located at 370 17th Street, Suite 5000, Denver, Colorado 80202

    3. Defendant, **Russell A Lewis,** was at all times herein mentioned and now is a resident of the State of Michigan.

    4. That on or before 5/16/96, the Plaintiff's assignee and Defendant entered into a written agreement providing that any dispute arising from the credit card agreement be submitted to binding arbitration, pursuant to the Federal Arbitration Act ("FAA") 9 USC §§1 – 307 (1994), and requiring that the arbitration be conducted in accordance with the Rules of the National Arbitration Forum. The agreement states, "this arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act 9 USC §1 – 16 ("FAA")." And, further states, "[t]his Arbitration Section shall survive the termination of your account with us as well as any voluntary payment of the debt in full by you, any bankruptcy by you or sale of the debt by us (MBNA)." (See Exhibit "B").

## COUNT I - CONFIRMATION AND ENFORCEMENT OF ARBITRATION AWARD

5. Plaintiff hereby incorporates the allegations contained in paragraphs one through four, set forth above.

6. After executing the contract, a controversy arose between Plaintiff and Defendant concerning payment on account. The state law applicable and governing the contract is that of the State of Delaware. The Michigan Circuit Courts have jurisdiction to enforce the (arbitration) agreement and to render judgment on the award thereunder. MCLA 600.5025.

7. Plaintiff and Defendant attempted to resolve the dispute described above, but were unable to do so. As a result, Plaintiff commenced arbitration proceedings in accordance with the arbitration provision of the contract between Plaintiff and Defendant. (See attached Contract, Pages 1 and 7 through 9, Exhibit "B").

8. Plaintiff and Defendant, pursuant to the FAA and the National Arbitration Forum Code of Procedure, selected an arbitrator to arbitrate the claim. (See attached Affidavit, Exhibit "C").

9. Plaintiff and Defendant had the opportunity to present all evidence and information to the arbitrator. Pursuant to the Forum Code of Procedure, Defendant had the right and was provided the opportunity to representation by an attorney and the right to a hearing on the dispute and the parties then submitted the dispute to the chosen arbitrator for determination under oath. (See attached Affidavit, Exhibit "C").

10. On 9/2/05, the arbitrator issued a written award, awarding Plaintiff $9,310.92. A copy of the award is attached to this Complaint as Exhibit "A", and incorporated by reference. The arbitrators' award was made in accordance with the terms and provisions of the parties' written agreement and is in all respects proper.

11. On 9/2/05, the arbitrator delivered the award to the Plaintiff and Defendant and further entered the award within the State of Michigan, pursuant to the National Arbitration Forum Code of Procedure.

12. No application has been made to the arbitrator for correction of the award.

**WHEREFORE,** pursuant to the Federal Arbitration Act ("FAA") 9 USC §9, Plaintiff prays for the following equitable and legal relief:

A.     An order confirming the award made by the arbitrator on 9/2/05, in the above-entitled proceedings;

B.     And, in the alternative, confirmation via enforcement of the award at common law, pursuant to Kentucky River Mills v Jackson, 206 F.2d 111, cert. denied, 346 US 887, 74 S.Ct. 144, 98 :.Ed. 392 (6th Cir. 1953).

C.      Directing the entry of judgment on the award in favor of Plaintiff and against Defendant for the sum of $9,310.92, with legal interest from the date of filing;

D.      Awarding Plaintiff reasonable attorney fees for confirmation of $250.00, and the costs of this action;

E.      Granting Plaintiff such other and further relief deemed equitable and/or as the Court deems proper.

**Dated:** March 28, 2006

**G. REYNOLDS SIMS (P23255)**
**Attorney for Plaintiffs**
**2075 West Big Beaver, Suite LL-15**
**Troy, MI  48084**
**(248) 643-4440**

EXHIBIT

2

Approved,SCAO

-------------------------

STATE OF MICHIGAN
31ST CIRCUIT COURT

Original
1st copy
Other co____

-------------------------

DISMISSAL
Non Service/No Progress

CASE NO.
06-000941-CK-D

Court Address 201 MC MORRAN BOULEVARD
PORT HURON, MI 48060

PAGE    1
Court Telephone No.
810-985-2031

PLAINTIFF:
CACV OF COLORADO

V

DEFENDANT:
RUSSELL A LEWIS
12728 IMLAY CITY ROAD
EMMETT, MI 48022

PLAINTIFF'S ATTORNEY:
G. REYNOLDS SIMS
2075 W BIG BEAVER RD STE LL-15
TROY, MI 48084
248-6434440

DEFENDANT'S ATTORNEY:
PRO PER

ENTERED
IN
COMPUTER

-------------------
' ORDER TO DISMISS '
-------------------

X 1. The court records disclose that defendant(s)/respondent(s) have not been
      timely served with process according to court rule.

_ 2. Progress has not occurred as specified in the notice of intent to dismiss.

_ 3. There has been no progress in this case since _____ and the
      parties have been notified by _____ to appear on
      _____ and did not appear.

IT IS ORDERED that this case is dismissed without prejudice as to

   X all parties.

   _ the following defendant(s)/respondent(s):

   _____

DIVORCE ACTIONS        Child Support, if any, owing to the state on the date of
                       this order is preserved.

DEC 29 2006

Date _____        XXXXX/Court Clerk/Register        _ _ _ _
                                                              Bar No

ST. CLAIR COUNTY CLERK    2006 DEC 29 AM 9 43    RECEIVED MARILYN DUNN

-------------------
' NOTICE OF DISMISSAL '
-------------------

Notice of dismissal without prejudice in this case is filed. A copy of this
notice has been provided to the parties in this case as specified by court
rule.

DEC 28 2006

Date _____        XXXXX/Court Clerk/XXXXXXXX        _ _ _ _
                                                              Bar No

MC 09a (3/01)  DISMISSAL, Non Service/No Progress        MCR 2.102(D),MCR 2.502,MCR 3.209(B)



06000941CK
DEEGAN

STATE OF MICHIGAN
IN THE COURT FOR THE 31ST CIRCUIT COURT

EXHIBIT

3

CACV OF COLORADO,LLC ,
Assignee of MBNA,

                         Plaintiff,

-vs-                                          No. D-06-941-CK
                                              Hon.
Russell A Lewis,

                         Defendant.

JASON R. SIMS (P66048)
G. REYNOLDS SIMS    (P23255)
G. REYNOLDS SIMS & ASSOCIATES, P.C.          Russell A Lewis
Attorney for Plaintiff                        12728 Imlay City Rd
2075 West Big Beaver, Suite LL-15             Emmett MI 48022
Troy, MI 48084                                586/536-8946
(248) 643-4440
                                        /

ORDER CONFIRMING ARBITRATION AWARD
AND GRANTING JUDGMENT THEREON

At a session of said Court held in the courtrooms
of the 31ST CIRCUIT COURT, ,
on  April 9, 2007

PRESENT: HONORABLE    PETER E. DEEGAN
                    CIRCUIT COURT JUDGE

    This matter having come before the Court, the Defendant having filed no response and the Court
being fully advised in the premises;

    IT IS HEREBY ORDERED that the arbitration award of the National Arbitration Forum No.
FA0503000436379 be confirmed in the amount of $9,310.92; and

    IT IS FURTHER ORDERED that judgment enter upon said award in favor of Plaintiff/Claimant,
CACV OF COLORADO,LLC  and against the Defendant, Russell A Lewis, be entered in the following
amounts: confirmed award of $9,310.92; costs of filing of the Complaint of $150.00; Motion fee of
$20.00; costs of service of the original complaint of $54.34 and a reasonable attorney fee of $250.00; for
a total judgment of $9785.26.

    IT IS FURTHER ORDERED that this judgment will earn interest at current statutory rates.

    This judgment resolves the last pending claims and closes the case. There are no other issues to
be litigated.

                                         Circuit Court Judge

                              No objection  4.9.07
                                           8am
                                           dkw

                              A TRUE COPY
                              Jay M. DeBoyer
                              County Clerk

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. CLAIR COUNTY

CACV OF COLORADO, LLC
Assignee of MBNA,

                Plaintiff,

-vs-

RUSSELL A. LEWIS,

                Defendant,

---

Jason R. Sims, (P66048)
Attorney for Plaintiff
2075 W. Big Beaver, Ste. LL-15
Troy, MI 48084

Russell A. Lewis
12718 Imlay City Road
Emmett, MI 48022

---

Case No. D-06-000941-CK
Hon. Peter E. Deegan

**EXHIBIT**

4

## ORDER TO RESCIND

       This matter having been brought to the attention of the Court,
and the Court being fully advised of the filing of the dismissal entered on
December 29, 2006,

       **IT IS HEREBY ORDERED** that the Order Confirming
Arbitration Award and Granting Judgment Thereon, dated April 9, 2007
is rescinded.

Dated: April 11, 2007

                             _Peter E. Deegan_
                             Hon. Peter E. Deegan

A TRUE COPY
Jay M. DeBoyer
County Clerk

To order this form, call 1-800-223-8720
Target Information Management, Inc.

Approved, SCAO

Original - Court
1st copy - State Treasurer
2nd copy - Defendant

3rd copy - Return (proof of service)
4th copy - Plaintiff/Attorney (proof)

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 31ST JUDICIAL DISTRICT / JUDICIAL CIRCUIT | REQUEST AND WRIT FOR GARNISHMENT (INCOME TAX REFUND/CREDIT) | D-06-941-CK |

Court address
201 MCMORRAN BLVD, PORT HURON, MI 48060          810/985-2200   Zip code

**EXHIBIT**

**5**

ALL-STATE LEGAL®

This portion to be completed by the court only.

**TO THE GARNISHEE:** Make the amount intercepted under this writ payable to and mailed to: ☐ the plaintiff. ☐ the plaintiff's attorney. ☐ the court.

Plaintiff name and address (judgment creditor)
CACV OF COLORADO, LLC

Plaintiff social security or FE no.
84-1261849

Plaintiff's attorney, address
G. Reynolds Sims & Associates, P.C.
2075 W. Big Beaver, Suite 200
Troy, MI 48084

Plaintiff attorney FE no.
38-2952387

Plaintiff attorney telephone no.
248-643-4440

v

Defendant name and address (judgment debtor)
Russell A Lewis
12728 Imlay City Rd
Emmett MI 48022

Social security no.   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

Garnishee
Third Party Withholding Unit
Michigan Department of Treasury
PO Box 15128
Lansing, Michigan 48901

**REQUEST**   NOTE for item 2: If a civil judgment includes judgment interest in the "total judgment" field (as in the forms in use before the 5/07 revisions), the interest amount reported in item 2 should not include any postfiling interest already included in the judgment.

1. Plaintiff received judgment against defendant for $ _____ $9,785.26 _____ on _____ April 9, 2007 _____
2. The total amount of judgment interest accrued to date is _____ $.00 _____. The total amount of postjudgment costs accrued to date is _____ 0.00 _____. The total amount of postjudgment payments and credits made to date is _____ 0.00 _____. The amount of the unsatisfied judgment now due (including interest and costs) is $ _____ $9,785.26 _____
3. Plaintiff knows or with good reason believes the state treasurer is indebted to or controls property belonging to the defendant.
4. **Plaintiff requests** a writ of garnishment to intercept income tax.

I declare that the statements above are true to the best of my information, knowledge, and belief.

Date _____

G. Reynolds Sims (P23255)/Jason R. Sims (P66048)
Plaintiff/Agent/Attorney signature

This is from G.Reynolds Sims & Associates P.C., who is a debt collector. You are put on notice that we are attempting to collect a debt and the information obtained will be used for that purpose.

**WRIT OF GARNISHMENT**

**TO THE PLAINTIFF:**
1. You must serve this writ on the state treasurer along with a $6.00 fee and any discovery request for information related to this garnishment.
2. You must serve a copy of this writ on the defendant within 7 days after serving the writ on the state treasurer.
3. You are responsible for paying to the state treasurer any reasonable costs incurred by the state treasurer in providing information in response to your discovery request.
4. If a state tax refund or credit is not intercepted before October 31 of the year during which this writ of garnishment is to be processed, you will not receive a disclosure unless you file a written request with the state treasurer between November 1 and December 31 of the tax year following the tax year for which this writ was filed.

**TO THE DEFENDANT:**
1. If a state tax refund or credit is intercepted under this writ, the state treasurer will notify you on a disclosure form.
2. You have **14 days** after being notified of an intercept to file objections to the writ of garnishment with the court. If you do not object within this time, the intercepted tax refund or credit held under this writ will be applied to the judgment **28 days** after the disclosure was filed with the court.

**TO THE GARNISHEE:**
1. Upon intercepting a state tax refund or credit, calculate the amount available to satisfy all or part of the garnishment.
2. Within 90 days after establishing any other liability for which the state tax refund or credit may be applied under MCL 205.30a file with the court a verified disclosure identifying the intercepted amount, less any setoff, counterclaim, or other demand of the state against the defendant.
3. Unless notified by the court that objections to the writ of garnishment have been filed, payment of the intercepted amount must be made not less than 28 days after filing the disclosure.
4. **You are ordered to pay the amount intercepted under this writ as stated at the top of this form.**

Date of issue _____          Deputy court clerk _____

MC 52 (8a/07)   REQUEST AND WRIT FOR GARNISHMENT (INCOME TAX REFUND/CREDIT)                    MCL 600.4061a
RETURN

Approved, SCAO

| | Original - State Treasurer (Part 1) | |
|---|---|---|
| | 1st copy - Defendant (Part 2) | copy - Plaintiff/Attorney (Part 2) |
| | 2nd copy - Return (Part 2) | copy - Court (Part 2) |

**STATE OF MICHIGAN**

St. Clair. **JUDICIAL** JUDICIAL CIRCUIT

**REQUEST AND WRIT FOR GARNISHMENT (INCOME TAX REFUND/CREDIT)**

133089 NITGA

CASE NO.

**D06941CK**

Court address
201 McMorran Blvd. Port Huron, MI 48060

* This portion to be completed by the court only.

* Zip code

TO THE GARNISHEE: Make the amount intercepted pursuant to this writ mailed to: ☐ the plaintiff. ☒ the plaintiff's attorney.

**EXHIBIT 6**

Plaintiff name and address (judgment creditor)
CACV OF COLORADO, LLC
Assignee of MBNA

Defendant name and address (judgment de
Russell A Lewis
12728 Imlay City Rd
Emmett MI 48022-2301

Plaintiff FE no.

Social security no.
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

Plaintiff's attorney, address
Roosen, Varchetti & Olivier, PLLC
P.O. Box 2305
Mount Clemens, MI 48046

Garnishee
Third Party Withholding Unit
Michigan Department of Treasury
PO Box 30785
Lansing, MI  48909

| Plaintiff attorney FE 20-8029729 | Plaintiff attorney telephone no. 586-868-2737 |
|---|---|

**REQUEST**  NOTE for item 2: If a civil judgment includes judgment interest in the "total judgment" field (as in the forms in use before the 5/07 revisions), the interest amount reported in item 2 should not include any postfiling interest already included in the judgment..

1. On __April 9, 2007__, the plaintiff received judgment against defendant for:

2. The total amount of judgment interest accrued to date is:         $9,785.26
   The total amount of postjudgment costs accrued to date is:        $2,026.00
   The total amount of postjudgment payments and credits made to date is:   $.00
   **The amount of the unsatisfied judgment now due (including interest and costs) is:**   $.00
3. Plaintiff knows or with good reason believes the garnishee is indebted to or possesses or controls property belonging to the defendant.   $11,811.26
4. Plaintiff requests a writ of garnishment to intercept income tax and that it be paid to ☒ plaintiff's attorney. ☐ plaintiff.

I declare that the statements above are true to the best of my information, knowledge, and belief.

__October 5, 2012__
Date

Plaintiff/Agent/Attorney signature   Paul E. Varchetti (P49403)

**WRIT OF GARNISHMENT**   To be completed by the court.

**TO THE PLAINTIFF:**
1. The social security number field is blacked out on the court copies for security reasons, but will appear on the garnishee, defendant, and plaintiff copies.
2. You must serve this writ on the state treasurer along with a $6.00 fee and any discovery request for information related to this garnishment.
3. You must serve a copy of this writ on the defendant within 7 days after serving the writ on the state treasurer.
4. You are responsible for paying to the state treasurer any reasonable costs incurred by the state treasurer in providing information in response to your discovery request.
5. If a state tax refund or credit is not intercepted before October 31 of the year during which this writ of garnishment is to be processed, you will not receive a disclosure unless you file a written request with the state treasurer between November 1 and December 31 of the tax year following the tax year for which this writ was filed.

**TO THE DEFENDANT:**
1. If a state tax refund or credit is intercepted pursuant to this writ, the state treasurer will notify you on a disclosure form.
2. You have 14 days after being notified of an intercept to file objections to the writ of garnishment with the court. If you do not object within this time, the intercepted tax refund or credit held under this writ will be applied to the judgment 28 days after the disclosure was filed with the court.

**TO THE GARNISHEE:**
1. Upon intercepting a state tax refund or credit, calculate the amount available to satisfy all or part of the garnishment.
2. Within 90 days after establishing any other liability for which the state tax refund or credit may be applied under MCL 205.30a, file with the court a verified disclosure identifying the intercepted amount, less any setoff, counterclaim, or other demand of the state against the defendant.
3. Unless notified by the court that objections to the writ of garnishment have been filed, payment of the intercepted amount must be made not less than 28 days after filing the disclosure.
4. You are ordered to pay the amount intercepted under this writ as stated at the top of this form.

__10/11/12__
Date of issue

Deputy court clerk

MC 52 (4/12)  **REQUEST AND WRIT FOR GARNISHMENT (INCOME TAX REFUND/CREDIT) (Part 1)**

MCL 600.4061a

15-
67300

Original - Court          2nd copy - Defendant
1st copy - Officer        3rd copy - Plaintiff

| STATE OF MICHIGAN | REQUEST AND ORDER TO | CASE NO. |
|---|---|---|
| St. Clair   JUDICIAL DISTRICT | SEIZE PROPERTY | |
| JUDICIAL CIRCUIT | 133089   NEXE1 | D06941CK |

Court address
201 McMorran Blvd. Port Huron, MI 48060

| Plaintiff name(s) and address(es) | | Defendant name(s) and address(es) |
|---|---|---|
| CACV OF COLORADO, LLC Assignee of MBNA | | Russell A Lewis |
| | | 12728 Imlay City Rd |
| P.O. Box 2305 | v | Emmett MI 48022-2301 |
| Mount Clemens, MI 48046 | | |

**EXHIBIT**

**7**

ALL-STATE LEGAL®

### REQUEST AND VERIFICATION

1. On ___April 9, 2007___ a judgment was granted in this case upon which the following is now due:
   Date

   Amount of judgment $ 9,785.26      Interest to this date $ 2,120.10        Postjudgment costs $ $25.00
   **Total**            $ 11,930.36   Less credits received $.00            *Balance due to date $ $11,930.36
   *Additional statutory interest, officer/sheriff fees, and expenses may be charged in addition to the unpaid balance
2. The plaintiff requests the court issue an order to seize the property of the following defendant(s):
   Russell A Lewis                        August 1, 1955
   Name                                   Date of birth (if available)

   Name                                   Date of birth (if available)

   November 1, 2012
   Date
   P.O. Box 2305                 Plaintiff/Attorney Signature  Richard G. Roosen (P35222)    Paul E. Varchetti (P49403)    Bar no.
   Address                       Mount Clemens, MI 48046                                                                586/868-2737
                                 City                         State          Zip                                        Telephone no.

### ORDER

TO ANY SHERIFF, DEPUTY SHERIFF, OR COURT OFFICER - YOU ARE ORDERED TO:
1. Seize and sell, according to law, any of the personal property (as determined by the officer) of defendant(s) named above in the **Request and Verification** that is not exempt from seizure, as will be sufficient to satisfy plaintiff's demand, costs, and any statutory fees and expenses. Personal property may include, but is not limited to motor vehicles or money, wherever located.
2. If sufficient personal property of defendant(s) cannot be found within your jurisdiction, seize and sell any of the real property of defendant(s) not exempt from seizure, as will be sufficient to satisfy plaintiff's demand, costs, and any statutory fees and expenses.
3. Collect from the sale of the property enough money to pay all of your statutory fees and statutory expenses.
4. Deposit proceeds of sale with the [ ] court  [X] plaintiff  after deducting statutory fees and statutory expenses.
   [ ] 5. Claim and Delivery Only: Seize the property described in the attached judgment for claim and delivery and deliver to the plaintiff(s); or if the property is not found in the possession of the defendant(s), levy the value of it.
6. You must endorse the month, day, year, and hour that you receive this order, and **that time is the effective date of this order.** You must return this order not less than 20 days, nor more than 90 days, from the effective date. If you have begun to serve this order on or before the return date, you must complete the service and return after the return date.
7. You may not continue collecting on this order after the return date except as indicated in item 6.

11-8-2012
Date                                    Order to be served by    Allen Hope
                                                                 Court Officer/Deputy Sheriff
                                                                 P-37136
           Cynthia A. Lane                                       Bar no.
           Judge

ENDORSEMENT: I certify that I received this order on _____      at _____
                                                    Date                      Time

                                                    Court officer/Deputy Sheriff

TO THE DEFENDANT: The person seizing property is required to provide you with a receipt of all money paid by you and an inventory of the property seized.
MC 19 (3/09)  **REQUEST AND ORDER TO SEIZE PROPERTY**                    MCL 600.2920, MCL 600.6002, MCR 3.106

OFN 133089 FWD 2472                                          FFN ***-**-****980 FREF 4062P06786



EXHIBIT

8

ALL-STATE LEGAL®


June 14, 2013

RUSSELL A LEWIS
12728 IMLAY CITY RD
EMMETT, MI 48022

Re: Garnishment

Dear Mr. Lewis,

We have received a garnishment which includes any and all accounts that you may hold as primary or secondary. We have removed from checking account #3011475 the amount of $1785.00 and from checking account #3024437 the amount of $304.00 for a total of $2089.00. $2060.00 will be held for the garnishment and $29.00** for our garnishment processing fee.

If we do not receive notice to release funds for the $2060.00, they will be automatically sent to the plaintiff's attorney after a period of 28 days.

If you have any questions, please contact me at the number provided below.

Sincerely,
CSB Bank

Leslie Goudreau
Loan Recovery Specialist

**NOTE: Garnishment Processing Fee is $29.00**

206 North Main Street, Capac, Michigan 48014 ♦ Phone: (810) 395-4313 Fax: (810) 395-7343